IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARRY O. BARNES, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 12-629-RGA |
| DONALD L. SHORT, | : | |
| Defendant. | : | |

Darry O. Barnes, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

## MEMORANDUM OPINION

July $\overline{\mathcal{25}}$ , 2012
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Darry O. Barnes ("Plaintiff"), an inmate at the Sussex Correctional

Institution, George, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He

appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) He

also requests counsel. (D.I. 7) The Court proceeds to review and screen the

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

It appears that Plaintiff was employed by Defendant. Defendant is the owner,

operator of Atwork Personnel Service located in Seaford, Delaware. From June

through September 2011, Defendant withheld monies from Plaintiff's pay that Plaintiff

owed for child support. Defendant, however, did not forward the funds to the Division of

Child Support. Defendant was ordered to court to explain the situation, but he failed to

appear. Consequently, Plaintiff was "locked-up," lost his place to stay, and paid the

child support owed "out-of-pocket." Plaintiff seeks restitution and compensation for his

pain and suffering. (D.I. 3.)

This Court must dismiss, at the earliest practicable time, certain *in forma*

*pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary

relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in*

*forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress

from governmental defendant). The Court must accept all factual allegations in a

complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See*

*Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). An action is frivolous

if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319,

325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss

a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at

2

211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49. Defendant is a private individual who owns the company that employed Plaintiff. It is evident from the pleadings that Defendant is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). Therefore, the claim against Defendant fails as a matter of law.

3

The Complaint contains allegations that have no arguable basis in law or in fact and it will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1). Amendment of the federal claims is futile. The District Court declines to exercise supplemental jurisdiction to the extent Plaintiff attempts to raise a state law claim. *See* 28 U.S.C. § 1367(c)(3). The court will deny as moot the request for counsel. (D.I. 7)

An appropriate order will be entered.

4